IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § | SA:21-CR-183-FB-5 |
| BRANDIE NICOLE SALINAS (5) | § § § § | |

## ORDER REVOKING BOND

Pending before the Court is the Petition for Action on Conditions of Pretrial Release [#121], which was submitted by Pretrial Services on December 2, 2021. Thereafter, a warrant was issued and Defendant was arrested. The Court held a hearing on the Petition on December 9, 2021, at which Defendant, her counsel, and counsel for the Government appeared. After considering the Petition, the evidence and arguments presented at the hearing, and the case file in its entirety, the Court concludes that Defendant's bond should be **REVOKED** for the reasons stated on the record in the hearing and for the reasons explained below.

A defendant who violates a condition of her release is subject to a revocation of her release, an order of detention, and prosecution for contempt of court. *See* 18 U.S.C. § 3148(a). The judge who issued the conditions of release should order revocation and detention if, after a hearing, the judge concludes that (1) there is probable cause to believe that the person has committed a Federal, State, or local crime while on release, or clear and convincing evidence establishes that the person has violated another condition of release; and (2) there are no conditions the court could set that would reasonably assure the safety of the

community or the person's appearance, or the person is unlikely to abide by any condition or combination of conditions that the court imposes. *See* 18 U.S.C. § 3148(b). If there is probable cause that the person committed a violation of law, a rebuttable presumption applies that no conditions will reasonably assure that the person will not pose a danger to the safety of another person or the community. *Id.*

On October 6, 2021, Defendant was charged with conspiracy to possess with the intent to distribute methamphetamine [#43]. The Court entered an order releasing Defendant on agreed conditions on October 21, 2021 [#100]. The conditions included drug treatment and testing at the discretion of Pretrial. It came to light at today's hearing that Defendant had been ordered outpatient drug treatment by Child Protective Services just a few months before being arrest in this case, but that she did not disclose that to Pretrial despite being asked about past drug treatment.

On December 1, 2021, Pretrial Services submitted a Petition for Action on Conditions of Pretrial Release [#121]. Defendant did not plead true to the allegations in the Petition. Based on the testimony at the hearing, the Court concludes that there is probable cause to believe that Defendant, who is six months pregnant, used methamphetamine, and thus that she committed a crime while on bond. Moreover, clear and convincing evidence establishes that Defendant was dishonest with her Pretrial Services Officer, did not follow his directions, and tampered with the results of a drug test by modifying a document from Lifetime in an attempt to mislead the Pretrial Services Officer and this Court. When confronted on these issues, Defendant did not admit to drug use or that she had been dishonest, but continued to change her story and produce new excuses.

Given Defendant's drug use and pattern of deceptive behavior, the Court finds it unlikely that Defendant will comply with any imposed conditions and that she poses a danger her minor children and her unborn child. Thus, revocation of Defendant's bond is warranted, as is her detention.

In accordance with the foregoing:

**IT IS ORDERED** that Defendant's bond is **REVOKED** and Defendant is committed to the custody of the United States Marshal pending final disposition of this case.

Signed this the 9 day of December, 2021.

Elizabeth S. ("Betsy") Chestney
U.S. Magistrate Judge